# UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANTHONY E. ROBINSON | ) | CASE NO. 14-10590(1)(7) |
| AMANDA L. ROBINSON | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ANTHONY E. ROBINSON | ) | A. P. NO. 14-1017 |
| AMANDA L. ROBINSON | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MANUFACTURED HOUSING | ) | |
| CONTRACT SENIOR/SUBORDINATE | ) | |
| PASS THROUGH CERTIFICATE TRUST | ) | |
| 1999-5 and | ) | |
| GREEN TREE SERVICING, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Dismiss filed by Defendant, U.S. Bank, N.A. as Trustee on behalf of Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-5 by Green Tree Servicing, LLC ("Green Tree"). The Court considered Green Tree's Motion to Dismiss, the Response to the Motion to Dismiss filed by Plaintiffs/Debtors Amanda L. Robinson and Anthony E. Robinson ("Debtors"), the Reply to the Debtors' Response filed by Green Tree and the arguments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Motion to Dismiss. An Order dismissing this matter accompanies this Memorandum-Opinion.

**BACKGROUND FACTS**

On May 29, 2014, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. On Schedule D to Debtors' Petition they identified Green Tree as the holder of a secured claim on a 1999 Fleetwood 28 x 60 manufactured home.

On May 29, 2014, attorney Mark H. Flener was appointed as the Interim Trustee ("Trustee") on the case.

On June 2, 2014, Green Tree filed a Motion for Relief from Stay and Abandonment regarding the Debtors' 1999 Fleetwood mobile home. Debtors filed an Objection to Green Tree's Motion for Stay Relief and Abandonment on June 17, 2014. The Trustee did not file an Objection to the Motion for Stay Relief and Abandonment. Following a hearing, the Court entered an Order granting Green Tree's Motion which provided that the Trustee's interest in the mobile home was abandoned and the automatic stay terminated on July 24, 2014.

On July 25, 2014, Debtors filed this adversary proceeding seeking to avoid Green Tree's lien on the Debtors' mobile home pursuant to 11 U.S.C. § 544.

Also on July 25, 2014, Debtors filed a Motion to Reconsider the Order granting Green Tree's Motion for Stay Relief and Abandonment because Debtors' had filed an adversary proceeding the same date seeking a determination regarding the extent, validity and priority of the lien of Green Tree. Neither Green Tree nor the Trustee filed an Objection regarding the Debtors' Motion to Reconsider.

On August 22, 2014, following a hearing on the Motion to Reconsider, the Court entered the Debtors' tendered Order which stated, "The Motion for Reconsideration should be, and is granted,

the stay shall remain in full force and effect pending further orders of this Court." The Order did not address the issue of abandonment.

Debtors' Complaint filed herein pursuant to 11 U.S.C. § 544, contends that Green Tree's lien should be avoided because it did not comply with KRS 186A.190 which required that Green Tree's interest in the mobile home be noted on the Certificate of Title in the Office of the County Clerk in which the Debtors reside. The Certificate of Title herein lists Debtors' residence as Muhlenberg County. Debtors contend the correct county is Logan County.

On September 3, 2014, Green Tree filed the instant Motion to Dismiss the Complaint contending (1) Debtors do not have standing to bring an action based upon 11 U.S.C. § 544; and (2) Debtors have unclean hands because they listed Muhlenberg County as the county where the lien was to be filed on the Application for Title/Registration. In response, Debtors state that they did not fill out the Application for Title and that they have standing to bring the adversary proceeding because the property was abandoned.

## **LEGAL ANALYSIS**

Although Green Tree's Motion to Dismiss lists two basis for the Motion, its claim that Debtors do not have standing to bring an avoidance action under 11 U.S.C. § 544 is dispositive of the Motion. Therefore, the Court will not consider the second basis for the Motion which is a fact intensive issue and not appropriate for resolution through this Motion to Dismiss.

The statute relied upon by Debtors, 11 U.S.C. § 544(a)(1), by its very terms is limited to trustees. The issue in this case, however, is not whether the Debtors have standing to bring this action, but rather whether this Court has jurisdiction to hear this case. The Court concludes that it does not and that it is proper to dismiss this action.

Green Tree, in its Reply, contends that the Debtors lack derivative standing to bring the action under 11 U.S.C. § 544. Green Tree cites to *In re Trailersource, Inc.*, 555 F.3d 231, 240 (6th Cir. 2009), which grants bankruptcy courts the authority to grant creditors, derivative standing to bring avoidance actions on behalf of the estate in a chapter 7 proceeding, when the trustee refuses to do so.

The *Trailer* case and other cases relied upon by Green Tree are not applicable to the case at bar. In this Chapter 7 proceeding, Green Tree moved for and was granted relief from the stay <u>and</u> abandonment. The Trustee did not object to Green Tree's Motion and the Court, after a hearing, entered Green Tree's proposed Order which specifically provided for abandonment of the Trustee's interest in the mobile home. Although Debtors successfully pursued a Motion to Reconsider that Order, Debtors did not seek an order revoking the abandonment of the Trustee's interest in the mobile home.

The case law under such a scenario is clear. When property is abandoned, it is removed from the bankruptcy estate, so as to divest the trustee of control and, importantly to this case, divest the Bankruptcy Court of jurisdiction over matters concerning the abandoned property. *See*, *In re Keller*, 229 B.R. 900 (Bankr. S.D. Ohio 1998). As in the *Keller* case, there was no attempt to avoid Green Tree's lien during the pendency of the Debtors' Chapter 7 case. Once the Trustee's interest in the property was abandoned, the property was no longer property of the estate and this Court lost jurisdiction to adjudicate the lien priority or validity with respect to the mobile home. Any such relief must be sought by the parties in state court.

Although Green Tree's Motion to Dismiss is based on lack of standing by the Debtors, the Court will **GRANT** the Motion on the basis that this Court lacks jurisdiction to determine the

priority and or validity of Green Tree's lien.  Once the Court entered an Order abandoning the Trustee's interest in the mobile home, this Court lost jurisdiction to adjudicate issues with respect to that piece of property.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** Green Tree's Motion to Dismiss for the reason that this Court lacks jurisdiction over the issues asserted in the Complaint.  An Order dismissing this adversary proceeding accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  December 16, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANTHONY E. ROBINSON | ) | CASE NO. 14-10590(1)(7) |
| AMANDA L. ROBINSON | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ANTHONY E. ROBINSON | ) | A. P. NO. 14-1017 |
| AMANDA L. ROBINSON | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MANUFACTURED HOUSING | ) | |
| CONTRACT SENIOR/SUBORDINATE | ) | |
| PASS THROUGH CERTIFICATE TRUST | ) | |
| 1999-5 and | ) | |
| GREEN TREE SERVICING, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss of Defendant/US Bank, NA as Trustee on behalf of Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-5 by Green Tree Servicing, LLC, be and hereby is, **GRANTED**. This Court lacks subject matter jurisdiction over the matters asserted in the Complaint and the Complaint is therefore dismissed.

This is a final and appealable Order, there is no just reason for delay.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 16, 2014